UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 MAR 15  P 4: 07

| | |
|---|---|
| William Henry Green, | ) C/A No. 9:06-2641-CMC-GCK |
| Plaintiff, | ) |
| vs. | ) |
| Eric Broxton, Hardeeville City Police Officer in His Official Capacity and in His Individual Capacity; and Hardeeville City Police Department, | ) **Report and Recommendation** |
| Defendants. | ) |



This is a 42 U.S.C. § 1983[1] civil rights Complaint transferred from the United States District Court for the Northern District of Georgia. The Plaintiff, William Henry Green (Plaintiff), proceeding *pro se*, is an inmate at Macon State Prison and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants Eric Broxton and the Hardeeville City Police Department. Plaintiff alleges excessive force against the Defendants and seeks monetary damages. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the

Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff alleges that a Hardeeville City Police Officer, Eric Broxton, used excessive force during Plaintiff's arrest in September 2004. Plaintiff contends that he hyperventilated and fainted when placed face down in a hot police car that lacked ventilation. Plaintiff indicates that he was taken to the hospital for medical treatment due to the incident.

## Discussion

This action was filed by the Plaintiff against Defendant John Doe, a Hardeeville City Police Officer, in the United States District Court for the Northern District of Georgia on August 24, 2006. The case was transferred to the United States District Court for the District of South Carolina on September 26, 2006. Plaintiff subsequently identified John Doe as Defendant Eric Broxton and service of process was authorized by an Order dated November 2, 2006. The summons was returned unexecuted in December, 2006, due to Defendant Broxton having reportedly moved to England. Plaintiff was notified, by Order dated February 9, 2007, that Defendant Broxton had moved to a foreign country and was no longer employed by the Hardeeville City Police Department. Plaintiff was also warned that service must be accomplished within one hundred twenty days (120) after filing the Complaint or the Court may dismiss the action without prejudice.[2] It has been well over four (4)

---

[2] Pursuant to Rule 4(m), Fed. R. Civ. P., "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

3

months since Plaintiff's case was transferred to this Court and there is no evidence that Defendant Broxton has been served with process in this case. In addition, Plaintiff has failed to provide an additional address where Defendant Broxton may be located and served. Thus, it is recommended that Defendant Broxton be dismissed from this action.

Subsequent to Plaintiff learning that Defendant Broxton could not be located for service, he submitted an Amended Complaint adding Defendant Hardeeville City Police Department. However, Plaintiff's attempt to state a cause of action under 42 U.S.C. § 1983[3] against the Hardeeville City Police Department must fail. Municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a Plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina*, 388 F.3d 440, 451 (4th Cir. 2004). Plaintiff fails to identify a policy or custom of the Hardeeville City Police Department which caused his federal rights to be violated, thus he fails to state a claim against this Defendant. The Complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[3] Title 42 U.S.C. § 1983 states in part,
"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…".

## Recommendation

Accordingly, it is re commended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process on Defendant Hardeeville City Police Department. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

March  14 , 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).